[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE JUNE 17, 1998 DATE OF APPLICATION JUNE 25, 1998 DATE APPLICATION FILED JUNE 10, 1999 DATE OF DECISION FEBRUARY 22, 2000
Application for review of sentence imposed by the SuperiorCourt, Judicial District of New Haven.
 Sentence Affirmed.
 Gerald Harmon, Esg., Defense Counsel, for Petitioner.
 David Strollo Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner was sentenced to an effective sentence of seven years suspended after five years and placed on probation for three years.
The sentence was the result of a plea to attempted Larceny 2nd
Degree, C.G.S. 53a-49, 53a-123. The events that led to his pleas occurred on September 18, 1997 when the New Haven Police responded to 226 Ferry Street on the report of a robbery and motor vehicle complaint. When the officer arrived, he saw a car crashed into a storefront at the above location. A witness who had viewed the entire incident stated that he had seen a black man approach a vehicle stopped at a traffic light. The black male, later identified as Anthony Stevenson, jumped through or into the open driver's side window and began to struggle with the driver.
The driver of the vehicle continued driving while Stevenson was holding onto the vehicle. The witness saw the vehicle drive through a bank driveway and out again, then sideswipe a car and crash into a storefront. The defendant attempted to leave the scene, but was detained until the police arrived.
The driver of the car stated that Stevenson grabbed him by the CT Page 3770 neck while trying to open the door. A struggle ensued but the driver could not shake the defendant. He drove off, but the defendant maintained his grasp on the driver's neck, and the driver claims to have passed out when he crashed into the storefront. He received bruises from the defendant. He said that he believed the defendant was trying to carjack his vehicle and that Stevenson was unknown to him.
After the crash, Stevenson was taken to the hospital for evaluation. At the hospital, he told police that the victim had taken $10 from him and he was trying to get it back. He could not explain why or how the victim had taken money from him, but he wanted him arrested for robbery. The officer explained to him that he could not pursue an investigation without further clarification. Stevenson was then placed under arrest.
It appears that the petitioner originally worked out a plea agreement that called for a sentence of seven years suspended after two years and a period of probation.
The petitioner did not appear on his sentencing date and was ordered re-arrested, when the original judge canvassed his plea the defendant was informed that if he did not appear for his sentencing that the judge would not be bound by the plea agreement and could impose a more severe sentence.
The sentencing judge indicated because the petitioner did not appear on his sentencing date and because he did not notify the court or his attorney, and had no other credible excuse for his failure to appear for the sentencing, that he was imposing a seven year sentence suspended after five years.
The Sentence Review Division has carefully considered all the relevant facts of this case, and does not find the sentence inappropriate or disproportionate.
The sentence is, therefore, affirmed.
O'KEEFFE, J.
KLACZAK, J.
IANOTTI, J.
O'Keefe, KLaczak and Ianotti, J.'s participated in this decision. CT Page 3771